IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANTHONY W. CAPSEL, #L6064                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 5:05cv142DCB-JCS

WILKINSON COUNTY CORRECTIONAL FACILITY, et al.              DEFENDANTS

OPINION AND ORDER

On July 28, 2005, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. On September 16, 2005, an order was entered directing the plaintiff to file an amended complaint, within twenty days. The plaintiff was warned in this court's order of September 16, 2005, that failure to timely comply with the requirements of the order or failure to keep this court informed of his current address, may lead to the dismissal of his complaint. Plaintiff failed to comply with that order.

On October 4, 2005, the envelope containing the order of September 16, 2005, was returned by the postal service with the notations "return to sender" and "no longer at this institution." Although more than sixty days have passed since the entry of this court's order of September 16, 2005, the plaintiff has failed to respond to the order and has failed to advise this court of his current address. It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain

dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 29th day of  November, 2005.

                                      S/DAVID BRAMLETTE
                                      UNITED STATES DISTRICT JUDGE